[Civ. No. 227. Fifth Dist. June 10, 1963.]

ELIZABETH M. CUNNINGHAM, Plaintiff and Appellant, v. THOMAS H. CUNNINGHAM, Defendant and Respondent.

*Formerly Rules on Transfer of Municipal and Justice Court Appeals, rules 61-69.

Myrtle M. Burgess for Plaintiff and Appellant.

Lerrigo, Thuesen & Thompson and Maurice E. Smith for Defendant and Respondent.

STONE, J.—Appellant and respondent, mother and father, respectively, of the minor here involved, lived on a 640-acre ranch in the mountains near North Fork prior to their divorce, October 10, 1961. Their son, aged 13 at the time of the interlocutory decree, had grown up in the mountains; he liked ranch life and ranch work and owned several horses, a colt, and a dog.

The mother was awarded custody of the boy; the father had the right of visitation and the right to have the boy visit him during school vacations. The property settlement agreement provided that the ranch should go to respondent, together with his interest in a pack station operated out of Mono Hot Springs. However, appellant remained in possession of the ranch home until the son completed his last year at North Fork Grammar School, whereupon she moved to a residential area near the City of Fresno.

During the summer while the boy was at the pack station at Mono, he advised his father that he wanted to enter Sierra Union High School in the fall, to be with his boyhood friends and also because he wanted to live in the mountains. Some time prior to the beginning of school respondent notified appellant of the boy's wishes. At the commencement of the school year the father enrolled the boy, then 14 years of age, in the Sierra Union High School.

This public high school, located in a mountainous area, is unusual in that it provides dormitories for the students. The father arranged to have the boy reside in a dormitory until the pack station in Mono closed for the season. The father also filed a petition for change of custody. The mother re-

moved the boy from Sierra Union and enrolled him at Clovis High School near her home.

A hearing was had on the petition for change of custody September 14, 1962. The boy, who was over the age of 14 years, expressed a desire to live with his father. The court made an order changing custody to the father, and the mother has appealed.

Appellant attacks the order upon two grounds: first, that the court failed to find the mother an unfit person to have custody of the child and, second, that the evidence disclosed the father to be an unfit person to have custody.

Appellant's first contention is without merit, since a court is not required to find that one parent is unfit to have a child as a prerequisite to awarding custody to the other parent. (*Stack* v. *Stack*, 189 Cal.App.2d 357, 371 [11 Cal.Rptr. 177], and cases cited therein.)

Appellant's second contention presents a more troublesome problem. She concedes that a boy 14 years of age may express a preference as to his custody and that Civil Code section 138, subdivision (2) provides in part: ". . . if the child is of an age to require education and preparation for labor or business, then custody should be given to the father.'' Yet, contends appellant, custody of a 14-year-old boy should not be awarded to a father who has maintained a meretricious relationship while the divorce remained in an interlocutory status. Appellant alleges she proved that upon at least two occasions while the father, the other woman, and the boy were traveling from the North Fork area to the Mono Hot Springs pack station, the three occupied the same room in a motel, and that the father and the other woman occupied the same bed.

Respondent points out that since he denied the accusations and the boy testified that they were true, there was simply a conflict in the evidence which the trial court resolved. Aside from these conflicts, the record is clear that the father was living with the other woman during the period the interlocutory decree of divorce was in effect. On the other hand, the trial judge may have given considerable weight to respondent's testimony that he was going to marry the other woman as soon as his divorce became final, which would have been less than one month from the date of the hearing.

Although the record standing alone tends to support appellant's contention that the father's conduct was improper, the trial court was not limited to a consideration of

the matters in the record. The trial court exercised its prerogative to judge the credibility of the witnesses, to determine the weight of the evidence and, additionally, to consider evidence which is not before us. Pursuant to stipulation of counsel, the court talked with the boy in chambers; and we have no way of knowing what was said between the boy and the trial judge. After considering all of the evidence, including the conference with the boy, the trial judge modified custody to permit the youngster to live with his father on the ranch in the mountains and to attend Sierra Union High School.

In commenting upon a similar situation wherein the trial judge conferred with a child in chambers, the court in *Smith* v. *Smith,* 135 Cal.App.2d 100 [286 P.2d 1009], had this to say, at page 105:

"In addition to considering the evidence in the record, the trial judge spoke with Amanda in chambers. He did so with the knowledge and consent of all counsel. The information received by him during that interview was evidence in the case which is not included in the record. As such, it furnishes additional support for the order but is not available for review. [Citations.] Such evidence is quite similar to the view which a trial judge upon occasion takes of property. When the judge takes such a view with consent of counsel, it is ' "evidence in the case and 'may be used alone or with other evidence to support the findings.' " ' [Citation.]"

We cannot escape the conclusion that the trial judge was more acutely aware of the evidence in the case than are we, since he had the witnesses before him and he talked with the boy. Furthermore, at a hearing on motion to vacate the judgment, the trial judge repeated an assertion made during the trial, that he was concerned only with the welfare of the child. With this background, we conclude that the trial judge had good reason for making the order and for refusing to vacate it on motion or to grant a new trial. We are satisfied that the trial judge acted conscientiously, and we find no abuse of discretion.

It must also be noted that by this time the boy has completed his freshman year at Sierra Union High School, and that he is now 15 years of age. We do not believe it would be to the best interest of the boy to change his custody to his mother and again remove him from the mountains. and from the Sierra Union High School, which he has attended the past year. We recognize that *fait accompli* is no criterion by which to test the merits of a judicial decree. Yet, we are here

concerned with the welfare of an adolescent boy upon whom a change of environment against his wishes would have a much greater impact than a similar change would have upon either a child of tender years or a mature person.

The judgment is affirmed.

Conley, P. J., and Brown (R.M.), J., concurred.